**KOAM PRODUCE, INC. Petitioner,**

v.

**DIMARE HOMESTEAD, INC. Respondent.**

**No. 01 Civ. 2494(LLS).**

United States District Court, S.D. New York.

Sept. 30, 2002.

Gentile & Dickler (Paul T. Gentile, of counsel), New York City, for Petitioner.

Rynn & Janowsky (Bart M. Botta, of counsel), Newport Beach, CA, for Respondent.

## Opinion and Order

STANTON, District Judge.

■ Pursuant to the statute, DiMare moves for an award of $73,250 in attorneys fees plus $7,067.67 in costs and expenses, totaling $80,317.67. Although that amount is over sixteen times the compensatory award made by the Secretary of Agriculture ($4,800), the importance of the principle at stake far exceeds the amount of the award. The work required to be done by the lawyers was substantial, the result was successful, and the charges are not unreasonable.

The proceedings in this court included: (1) a motion to vacate the Secretary of Agriculture's decision, based on an alleged conflict of interest because both the bribed inspectors and the Judicial Officer held positions under the Department of Agriculture; (2) a non-jury trial *de novo* of the merits, based upon an extensive Stipulation of Fact prepared by counsel, and their briefs; (3) a post-trial motion for a new trial, based on alleged errors; and (4) preparation of the fee application and reply to Koam's opposition. Together with the preparation, court conferences, and other necessary incidental work, 307.6 hours of work were required. Thus, the $73,250 of legal fees represents a blended rate of $238 per hour.

### The Statute

■ As stated in *Frankie Boy Produce Corp. v. Sun Pacific Enterprises*, No. 99 Civ. 10158(DLC), 2000 WL 1532914 at *1 (S.D.N.Y. Oct. 17, 2000):

[U]nder the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.* when a decision of the

Secretary is appealed to a district court, the "[a]ppellee shall not be liable for costs in said court and if appellee prevails he shall be allowed a reasonable attorney's fee to be taxed and collected as part of his costs." 7 U.S.C. § 499g(c). If the appellee prevails, an award of attorney's fees is mandatory; it is not within the discretion of the district court. *See Robinson Farms Co. v. D'Acquisto*, 962 F.2d 680, 684 (7th Cir.1992); *see also Tray–Wrap, Inc. v. Meyer Tomatoes*, No. 90 Civ. 7688(DLC), 1996 WL 54321 at *2 (S.D.N.Y. Feb. 9, 1996).

Koam argues that the PACA's provision is unconstitutional ("... the appellant, here the petitioner, is denied due process." Opposition, ¶ 7) because it allows for fees to an appellee but not to an appellant. That contention is meritless. Congress recognized that in almost every case the amount of the Secretary's award would be less than the cost of appeal to, and trial *de novo* in, a federal district court. Accordingly, it provided for attorneys fees and costs to a prevailing appellee, regardless of whether the appellee was a shipper or a purchaser. That involves no denial of due process to either party. The provision is meant to provide means for both shippers and buyers to defend their rights under the statute, regardless of how small the amount in controversy. If the costs of defending its favorable decision by the Secretary were not reimbursed to a prevailing appellee, then the losing party could destroy the value of the Secretary's award, by merely noticing an appeal. As between shippers and buyers, the statute is neutral.

### Koam's Other Objections

Several of Koam's objections stem from its assertion that DiMare's use of out-of-town counsel (with consequent travel, communication with local counsel, need for *pro hac vice* admission etc.) was a "luxury and not a necessity." Opposition ¶ 3. On the contrary, it is normal that an out-of-state shipper will employ its main counsel from outside New York. There is no *a priori* reason why an out-of-state shipper should be compelled to rely solely upon New York counsel, with whom it is almost sure to be unfamiliar. Representation by out-of-state counsel should be viewed as the normal course of business, not a luxury. *See Frankie Boy*, 2000 WL 1532914 at *2 ("Where an out-of-state defendant ... is forced to defend itself in a lawsuit in New York, it is reasonable and expected for that defendant to be represented by out-of-state and local counsel.").

Most of Koam's remaining objections are inconsequential, *e.g.*, that some conversations were not charged for, that some portions of entries were blacked out to preserve attorney-client confidentiality, and that the Florida Fruit & Vegetable Association may have assisted in paying for the litigation. Generally, the reasonableness of the fee is calculated without regard to who paid it. Additionally, while it is true that Colucci & Umans' expenses are for unidentified purposes and thus should not be allowed, it seems that no application has been made for them.

### Conclusion

The rates charged by Colucci & Umans and Rynn & Janowsky are approved as reasonable. Colucci & Umans' attorneys fee in the total amount of $5,785 is approved, and Rynn & Janowsky's attorneys fee in the amount of $67,465 is approved. Their bill for costs in the amount of $7,067.67 may be presented for taxation by the clerk in the usual course.

Prejudgment interest at ten percent per annum from November 16, 2000, the date of the award, and the $300 handling fee awarded by the Judicial Officer of the United States will be allowed. *See Frank-*

*ie Boy*, 2000 WL 1532914 at *3 ("The ten percent rate of interest comports with awards in comparable cases and is not unreasonable.") (citing cases).

So ordered.