**Rev. Alexandra COE, Plaintiff,**

v.

**TOWN OF BLOOMING GROVE and Village of Washingtonville, Defendants.**

**No. 06 CIV 8149–WGY.**

United States District Court, S.D. New York.

May 18, 2010.

Stephen Bergstein, Bergstein & Ullrich, LLP, Chester, NY, for Plaintiff.

J. Benjamin Gailey, Michele Lyn Babcock, Jacobowitz and Gubits LLP, Walden, NY, for Defendants.

**Memorandum and Order**

WILLIAM G. YOUNG, District Judge.[1]

The plaintiff Reverend Alexandra Coe ("Coe") seeks attorneys' fees and costs following an action against the defendants Town of Blooming Grove (the "Town") and Village of Washingtonville (the "Village")[2] for violation of her First Amendment rights, pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54. Pl.'s Sec. Mot. for Attys.' Fees and Costs at 1.[3] The Town and the Village ask the Court to deny Coe's request for fees and costs because she is not a prevailing party, Def.'s Opp'n to Pl.'s Mot. for Attys.' Fees and Costs at 9–14, or in the alternative, substantially reduce Coe's fee request, *id.* at 15–16.

## I. INTRODUCTION

This action arose following Coe's attempt to secure a permit to hold a peace rally in the Village in November 2006. *Coe v. Town of Blooming Grove,* 567 F.Supp.2d 543, 548 (S.D.N.Y.2008). In late September 2006, Coe spoke with a Village official about the procedure for holding a rally on the Moffat Library Lawn (the "Lawn"), a property located in the Village and owned by the Town. *Id.* The official gave Coe a permit application in exchange for $100 and advised her to call the Town Supervisor. *Id.* Citing a provision of the Town Code, the Supervisor told Coe that she was required to buy an insurance policy in the amount of one million dollars or "an amount approved by the Town." *Id.* at 549. Coe did not think she could afford the premium on such a

---

1. Of the District of Massachusetts, sitting by designation.

2. The Village is a municipality located within the Town. *Coe v. Town of Blooming Grove,* 567 F.Supp.2d 543, 548 (S.D.N.Y.2008).

3. Coe filed an initial motion for attorneys' fees in November 2006. Bergstein's Affirma-

tion in Support of Sec. Mot. for Attys.' Fees ¶ 1. The Court denied that motion without prejudice to have the parties brief the motions for summary judgment and then renew the motion. *Id.*

policy because she was unemployed and had little income, so she asked whether the supervisor would waive the insurance requirement and he replied that he would not. *Id.*

Coe sued in this Court for violation of her First Amendment rights, seeking a preliminary injunction to require the Town Board to give her a permit. *Id.* The Court held a Show Cause Hearing on October 25, 2006, at which hearing the Court told Coe to apply for a permit and instructed the Town Board to rule on Coe's application within five days, without considering her ability to pay for insurance. *Id.* The Town granted Coe's permit on October 30, 2006, and she held the rally on November 4, 2006, with less than ten people in attendance. *Id.* Coe asserts that there was a low turnout because she had little time to publicize the rally due to the time it took to seek court intervention to obtain a permit. *Id.*

Coe moved for summary judgment after the Town and Village granted her a permit because she alleged several of the Town and Village's provisions were unconstitutional. The Court held the motion in abeyance to provide the Town and Village with an opportunity to amend their local laws to eliminate Coe's concerns. *Id.* Both the Town and the Village amended their local laws between February and May 2007. After these amendments, Coe filed an amended complaint and the Town and Village moved to dismiss. *Id.* Coe renewed her motion for summary judgment and filed a third amended complaint. *Id.* In December 2007, the Town and Village expressed willingness to amend their local laws once again to address Coe's concerns, which they subsequently did in March

2008. *Id.* Coe then filed a fourth amended complaint. *Id.*

The Court granted Coe's motion for summary judgment against the Town as to her compensatory damages claim based on the Town's attempt to enforce the insurance requirement of the original Town Code. *Id.* at 572. The Court also granted Coe's claim for nominal damages for the 2007 Town Code's designation of Moffat Hall as "not a traditional public forum." *Id.* Additionally, the Court permanently enjoined the Town from enforcing a provision of its 2008 Town Code that required groups seeking to use Town-owned public fora for First Amendment activities to obtain approval for a permit "regardless of the number of persons expected." *Id.* The Court denied the remaining issues in Coe's motion for summary judgment against the Town and granted the Town's motion to dismiss in all other respects. *Id.*

The Court also permanently enjoined the Village from enforcing the part of the 2008 Village Code that required all permit applicants to buy an insurance policy, without providing an exception for indigent applicants. *Id.* The Court denied the remainder of Coe's motion for summary judgment and granted the Village's motion to dismiss in all other respects. *Id.*

Coe filed her attorneys' fee application in July 2008, a few weeks after the Court's decision on liability and damages. *Id.* The Town and Village filed a notice of appeal before the damage issue was resolved, and the Second Circuit dismissed the appeal because there had been no final judgment on damages by the district court. *Coe v. Town of Blooming Grove,* 328 Fed.Appx. 743 (2d Cir.2009). Coe now seeks an award of $83,266.70 in fees.[4] Pl's Mem. in

---

4. In her first supporting memorandum for the second motion seeking attorneys' fees, Coe sought $47,323.95 for attorneys' fees, parale-

gal fees, and costs. Bergstein's Affirm. at 14. This initial request takes into account a voluntary ten percent reduction of attorneys' fees

Supp. of Attys.' Fees and Costs at 1; Bergstein's Affirmation in Support of Sec. Mot. for Attys.' Fees ¶ 1 ("Bergstein's Affirm.").

## II. DISCUSSION

### A. Prevailing Party Standard

■■■ A party who prevails in any action or proceeding in connection with enforcing the provisions of 42 United States Code section 1983 may be awarded reasonable attorneys' fees and costs. 42 U.S.C. § 1988(b). A court may allow an attorneys' fee award to a party if there has been "a material alteration of the legal relationship of the parties" such as an enforceable judgment on the merits or a court-ordered consent decree. *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Resources,* 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (quotation marks omitted). The Supreme Court has held that a civil rights plaintiff cannot be considered a prevailing party unless he receives "at least some relief on the merits of his claim." *Farrar v. Hobby,* 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). A party does not need to be successful on every claim, "nor even the most crucial one," to be a prevailing party. *LaRouche v. Kezer,* 20 F.3d 68, 71 (2d Cir.1994) (citing *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 791, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). Success as to a "significant claim" satisfies the prevailing party standard. *Id.*

■ A voluntary change in the defendant's conduct, which sometimes accomplishes what the plaintiff sought to achieve in the suit, "lacks the necessary judicial *imprimatur* on the change" to designate the plaintiff as a prevailing party. *Garcia v. Yonkers Sch. Dist.,* 561 F.3d 97, 102–03 (2d Cir.2009) (quoting *Buckhannon,* 532 U.S. at 605, 121 S.Ct. 1835). "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar,* 506 U.S. at 111–12, 113 S.Ct. 566. The Supreme Court has held that a plaintiff who wins nominal damages is a prevailing party. *Id.* at 112, 113 S.Ct. 566 ("A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay.").

■ The parties in the present case dispute whether Coe is a prevailing party. *See* Pl.'s Mem. at 2–4; Def.'s Opp'n at 6–14. This Court granted damages to Coe based on the Town's attempt to enforce the original Town Code's insurance requirement in October and November of

by Coe. Bergstein's Affirm. at ¶ 10. Paragraph six of Bergstein's Affirmation states that the attorneys take a fifteen percent reduction in overall fees entitlement. *Id.* at ¶ 6. This seems to be an error, however, because another paragraph and the calculations on the attorneys' fees log are consistent with a ten percent reduction. Bergstein's Affirm. at ¶ 10; *Bergstein's Affirm.* Ex. 1.

Coe's attorney amended the initial fee request of $47,323.95 and now requests $83,266.70 because the attorneys factored in a higher rate per hour and the time expended on the case since the filing of the fee application. *See* Pl.'s Mem. in Further Supp. of Mot. for Attys.' Fees and Costs at 9, Bergstein's Affirmation in Further Support of Second Mot. for Attys.' Fees and Costs ("Bergstein's Second Affirm.") at 1.

The upward adjustment to $83,266.70, however, is lower than the sum of the adjusted figures from Bergstein's Second Affirmation which actually equals $84,265.70. Bergstein's Second Affirm. at ¶ 33. Additionally, the list of adjusted figures and the supporting charts do not include any costs, as did the initial request. *See* Bergstein's Second Affirm. Ex. 1.

2006. *Coe v. Town of Blooming Grove,* 567 F.Supp.2d 543, 572 (S.D.N.Y.2008). This Court also granted nominal damages to Coe based on the 2007 Town Code's designation of the Moffat Hall property as "not a traditional public forum." *Id.* Under the Supreme Court's *Farrar* prevailing party standard, Coe is a prevailing party against the Town because she won compensatory and nominal damages based on some of her claims against the Town, thus modifying the Town's behavior "for [Coe]'s benefit by forcing the [Town] to pay an amount of money [it] otherwise would not pay."

■ This Court enjoined the Village from enforcing its insurance provisions related to its lack of an indigent exception and this materially alters the legal relationship between Coe and the Village for Coe's benefit because it modifies the Village's behavior so it cannot enforce that provision against Coe. Even though the Court did not grant Coe damages against the Village as it did against the Town, Coe is a prevailing party against the Village because she succeeded on a significant claim against the Village.

### B. Entitlement to Attorneys' Fees and Costs

#### 1. Legal Standard

■ The starting point for calculating a fee award is traditionally the "lodestar" amount, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Healey v. Leavitt,* 485 F.3d 63, 71 (2d Cir.2007) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). The party seeking the award bears the burden of providing evidence to support the number of hours worked and claimed rates. *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933. Attorneys for the prevailing party should exclude "excessive, redundant, or otherwise unnecessary" hours. *Id.* at 434, 103 S.Ct. 1933. "The product of reasonable hours times a reasonable rate does not end the inquiry." *Id.* The court must consider other factors that could cause the court to adjust the rate. *Id.*

In 2008, the Second Circuit abandoned use of the lodestar term due to confusion in its application, but maintained its same methodology. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. Of Elections,* 522 F.3d 182, 190 (2d Cir.2008) (stating that "[t]he meaning of the term 'lodestar' has shifted over time, and its value as a metaphor has deteriorated to the point of unhelpfulness"); *see also Fountainhead Inv., Inc. v. DePalo,* No. 06–2090, 2009 WL 3458985, at *2–3 (S.D.N.Y.2009) (applying *Arbor Hill* decision to attorneys' fees motion). The Second Circuit held that:

> [T]he better course—and the one most consistent with attorney's fees jurisprudence—is for the district court, in exercising its considerable discretion, to bear in mind *all* of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors[5]; it

---

**5.** The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results ob-

should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee."

*Arbor Hill,* 522 F.3d at 190 (internal footnote omitted).

 The "degree of success obtained" by the plaintiff is the most critical factor for a court to consider in determining the reasonableness of a fee award. *Hensley,* 461 U.S. at 436, 103 S.Ct. 1933. The product of hours reasonably spent on total litigation times a reasonable hourly rate may be an excessive amount when the plaintiff has only achieved partial or limited success. *Id.* The Supreme Court has explained, however, that "[a]lthough the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988." *Farrar,* 506 U.S. at 113, 113 S.Ct. 566. The Supreme Court has stated that in some cases, "even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party." *Id.*

at 115, 113 S.Ct. 566. An award of attorneys' fees, however, may be appropriate "if the plaintiff's suit resulted in the granting of significant injunctive relief or 'created a new rule of liability that serve[s] a significant public purpose.'" *LeBlanc–Sternberg v. Fletcher,* 143 F.3d 748, 758 (2d Cir.1998) (internal citations omitted).

### 2. Coe's Request

In support of her request and calculations, Coe provided the time sheets maintained by Bergstein & Ullrich, LLP.[6] *See* Bergstein Affirm. Ex. 1. Coe initially submitted a costs breakdown chart with her motion for attorneys' fees and costs. *Id.,* Ex. 2. Coe later amended her initial request and provided additional time sheets maintained by Bergstein & Ullrich, LLP Bergstein's Second Affirm. Ex. 1. Coe did not, however, include a cost breakdown chart with her amended request.

The Town and Village argue that the Court ought deny or reduce this attorneys' fee request because: the commencement of the litigation was unnecessary to achieve Coe's goal of holding her rally; it would reward Coe in light of the Town and Village's efforts to amend their local laws; it would damage the public financially; Coe's counsel's time logs contain vague hours, excessive entries, and paralegal fees which should be excluded; and Coe achieved a limited degree of success after litigation.

The Court addresses each argument in turn.

tained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S.

87, 92–93, 96, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989).

6. Coe's counsel appropriately reduced travel time by half in accordance with cases in this District. *See Colbert v. Furumoto Realty, Inc.,* 144 F.Supp.2d 251, 261 (S.D.N.Y.2001) (explaining fifty percent reduction for attorney travel time due to lack of productivity).

First, the Town and Village's argument that the commencement of the litigation was unnecessary and therefore the Court ought not consider this time in determining the reasonable attorneys' fees is without merit because Coe properly assumed the Town would enforce its laws as written, and not make an exception to its insurance requirement or allow a party to use Moffat Lawn as a public forum. The Court will not exclude these hours in its consideration of attorneys' fees.

Second, though the Town and Village amended their local laws to address Coe's concerns, the few provisions that Coe alleged were unconstitutional remained unchanged. Therefore, the Town and Village's argument that it would be against public policy to award attorneys' fees in spite of their amendments does not stand.

The Town and Village's argument that awarding attorneys' fees to Coe will burden the taxpayers is also without merit because this Court has rejected that argument in *Knoeffler v. Town of Mamakating,* 126 F.Supp.2d 305, 321 (S.D.N.Y.2000). In that case, the Court explained that it had frequently awarded attorneys' fees against municipalities and that the defendants did not cite any laws exempting municipalities from the provisions of Title 42 of the United States Code section 1988. Such is the case here.

Next, this Court considers whether to remove Coe's counsel's time log entries allegedly containing vague hours, excessive entries, and paralegal fees. The Town and Village point to three entries that they allege are vague: 1.00 hour on October 24, 2006 for "case investigation"; 0.40 hours on May 22, 2007 for "letter to Conner [sic]"; and 3.75 hours on February 28, 2008 for "gailey." *See* Pl.'s Mot Ex. 1. As the party seeking attorneys' fees, Coe bears the burden of providing evidence to support the reasonable number of hours worked. *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933. Coe has not met her burden to show that these entries were reasonable time expenditures because they lack sufficient detail. Accordingly, this Court excludes these time entries from total time worked.

The Town and Village contend that Coe's counsel's time logs contain excessive entries related to brief preparation for the first "renewed" motion for summary judgment. Specifically, the Town and Village argue that the hours Coe's counsel allocated to the first renewed summary judgment motion were excessive in light of Bergstein's constitutional law experience and that the original brief contained many of the same issues addressed in the brief for the renewed motion. Def.'s Opp'n at 22. Coe's counsel asserts that the hours worked are not excessive because the brief addressed new issues after the Town and Village's amendments in February and April 2007, and that the renewed brief also responded to the Town and Village's motion to dismiss. Pl.'s Supp. Mot. at 9. This Court finds that the 36.08 hours worked [7] exceeds the reasonable amount of time necessary to complete the renewed motion. The Court does not exclude these entries entirely, however, because Coe's counsel did address certain new issues in her brief and replied to the defendants' motion. For these reasons, the Court reduces these entries by fifty percent. The total time worked for the first renewed motion for summary judgment is thus reduced to 18.04 hours.

---

7. This Court finds that time actually worked on the motion was 36.08 hours as evidenced by the time logs provided by Coe's counsel. Calculations provided by both parties, 35.85 hours and 38.58 hours respectively, are not accurate.

■ The Town and Village also argue that this Court ought eliminate paralegal billing because all entries constitute normal law firm overhead cost. The Town and Village, however, fail to cite any cases to support their assertion and, in fact, this Court routinely has included such fees in attorneys' fees awards. *See Robinson v. City of New York,* No. 05–9545, 2009 WL 3109846, *5 (S.D.N.Y. Sept. 29, 2009); *Simmonds v. New York City Dept. of Corrections,* No. 06–5298, 2008 WL 4303474, *5 (S.D.N.Y. Sept. 16, 2008).

■ Lastly, this Court finds merit in the Town and Village's argument that attorneys' fees ought be substantially reduced in light of Coe's limited degree of success. This Court granted compensatory and nominal damages to Coe, but overturned only two of the ten provisions Coe claimed were unconstitutional. *Coe v. Town of Blooming Grove,* 567 F.Supp.2d 543, 572 (S.D.N.Y.2008). Although Coe differs from the plaintiff in *Farrar* in that the Court granted her compensatory damages in addition to nominal damages, the Court kept the compensatory damages low. During the conference on the issue of damages, this Court advised that it would not award Coe compensatory damages greater than $1,000 for damages related to Coe's injury caused by delay in promoting her event. *See* Def.'s Opp'n at 13.

Considering that the degree of success is "the most critical factor" in determining the reasonableness of an attorney's fees award, *Farrar,* 506 U.S. at 114, 113 S.Ct. 566, it is apparent that awarding attorneys' fees to Coe by calculating the lodestar amount—the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate—would be excessive based on her limited degree of success following her litigation. *See id.* at 114–15, 113 S.Ct. 566. The Supreme Court has cautioned that "fee awards under § 1988

were never intended to produce windfalls to attorneys...." *Id.* at 115, 113 S.Ct. 566 (internal quotation marks omitted). After considering the amount and nature of damages awarded, "the court may lawfully award low fees or no fees without reciting the 12 [*Johnson*] factors bearing on reasonableness, or multiplying the number of hours reasonably expended by a reasonable hourly rate." *Id.* (internal citations and quotation marks omitted). This Court thus substantially reduces Coe's requested attorneys' fees based on her limited success in this litigation, without applying each *Johnson* factor bearing on reasonableness.

Though Coe's suit involves a common core of facts and related legal theories, this Court must focus on the significance of the overall relief obtained when determining a reasonable amount of attorneys' fees, if any. *See Kassim v. City of Schenectady,* 415 F.3d 246, 255 (2d Cir.2005) (affirming a district court's twenty percent reduction of attorneys' fees based on the plaintiff's limited success). In *Green v. Torres,* 361 F.3d 96, 98 (2d Cir.2004), the Second Circuit Court upheld fifty percent reduction of the attorneys' fees award when the plaintiff had won a $50,000 compensatory damages award, as well as an $8,508 punitive damages award, but had voluntarily discontinued majority of their claims one week prior to trial. Considering that Coe prevailed on only two of ten claims she raised against the Town and Village, and that this Court granted her a maximum of $1,000 in compensatory damages in addition to nominal damages, this Court reduces the requested attorneys' fees amount by fifty percent.

**C. Reasonable Billable Rates**

■ The reasonable hourly rate is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens*

*Neighborhood Ass'n v. County of Albany,* 493 F.3d 110, 117 (2d Cir.2007). Fee applicants bear the burden to show that the rates they request are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *see Farbotko v. Clinton County of New York,* 433 F.3d 204, 209 (2d Cir.2005) (stating that calculating a reasonable hourly rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel" which may include "judicial notice of the rates awarded in prior cases"). In this case, the Court must determine what is a reasonable hourly rate for civil rights practitioners in the Southern District of New York.

### 1. Attorney Rates

■■■ Mr. Bergstein and Ms. Ullrich seek $350 per hour.[8] Mr. Bergstein has provided a detailed affidavit describing the educational and litigation experiences of both attorneys. Bergstein's Affirm at 6–13. The range of rates for civil rights attorneys in the Southern District of New York is between $225 and $375 per hour. *Townsend v. Benjamin Enterprises, Inc.,* No. 05–9378, slip op. at 5–6 (S.D.N.Y. Oct. 2, 2009) (listing cases setting forth reasonable billable rates in this range). Magistrate Judge Yanthis of this District determined that $350 per hour was the reasonable rate for Mr. Bergstein and Ms. Ullrich when calculating attorneys' fees related to a 2009 civil rights case. *Id.* at 5. Magistrate Judge Yanthis

reached this determination based on prevailing rates for attorneys in this District with "similar skill, reputation and experience at small firms engaged in civil rights litigation." *Id.* at 6. This Court agrees with Judge Yanthis's determination to compensate Mr. Bergstein and Ms. Ullrich at $350 per hour.

### 2. Paralegal Rates

■■■ Coe's counsel request that paralegals Amanda Stewart, Evelyn Brown Bell, and Mary Persson be compensated at $125 per hour. Courts in the Southern District of New York have awarded between $50 to $150 per hour for paralegal rates. *Spalluto v. Trump Int'l Hotel and Tower,* No. 04–7497, 2008 WL 4525372, at *14 (S.D.N.Y. Oct. 2, 2008) (citing cases awarding paralegal rates within this range). In the *Townsend* case, Judge Yanthis awarded $100 per hour for Ms. Brown Bell and another paralegal, but awarded Amanda Stewart $50 per hour because plaintiff's counsel failed to provide background information for her. In the present case, Coe's counsel has failed to provide any background information on Amanda Stewart, Evelyn Brown Bell, and Mary Persson so each paralegal will be compensated at $50 per hour.

### D. Appellate Billing

■■■ Attorneys' fees awards may include compensation for appellate work. *See Hastings v. Maine–Endwell Cent. Sch. Dist.,* 676 F.2d 893, 896–97 (2d Cir.1982) (stating "the prevailing party on an appeal in an action brought under § 1983 is entitled to an award of attorneys fees in con-

---

**8.** Mr. Bergstein and Ms. Ullrich initially sought $325 per hour but amended their request after Magistrate Judge George A. Yanthis of this District awarded them $350 per hour for attorneys' fees related to a 2009 case. *Townsend v. Benjamin Enterprises, Inc.,* No.

05–9378, slip op. at 5 (S.D.N.Y. Oct. 2, 2009). Coe's counsel also sought an increase in hourly rates because of the passage of time, thus an increase in experience, since they first filed the attorneys' fees application in July 2008. Bergstein's Aff. at 13.

nection with the appeal"). Attorneys' fees awards in connection with the appeal may be awarded "to a party who has prevailed by means of a dismissal of the appeal as well as to one who has prevailed by affirmance." *Id.* Coe's attorneys, therefore, may include legal and paralegal work expended on the appeal in their request for attorneys' fees.

 In the appeal time logs, Mr. Bergstein included two hours of work for which he indicated the Court should compensate him at the rate of $125 per hour. The description in the time log is "prepare tables of contents/authorities appellees brief." The Court will compensate Mr. Bergstein for these two hours at $125 per hour instead of $50 per hour like the paralegals because he has provided enough background information to justify this rate and the work is that which does not need to be performed by an attorney, so $350 per hour is unreasonable.

### E. Fee Application

 Prevailing parties are entitled to reimbursement for the time expended in preparing the fee application. *Sugarman v. Village of Chester,* 213 F.Supp.2d 304, 312 (S.D.N.Y.2002). The charts provided by Bergstein & Ullrich, LLP show that Coe's counsel spent ten hours preparing the fee application, Bergstein's Aff. Ex. 1, which is a reasonable percentage of total hours expended on this case. *See Davis v. New Rochelle,* 156 F.R.D. 549, 561 (S.D.N.Y.1994) (noting that "[t]he Second Circuit has upheld fee awards where the time spent on the fee application was up to 24% of the total time claimed"). These hours are thus not excluded from the total hours expended in this case.

### F. Total Attorneys' Fees Calculation

 The calculation of the total number of reasonable hours expended on the initial litigation and the appeal multiplied by the reasonable rate of compensation is as follows:

| Individual | Reasonable Hours | Reasonable Rates | Total |
|---|---|---|---|
| Stephen Bergstein | 229.64 | $350 | $80,374.00 |
| | 2.0 | $125 | $ 250.00 |
| Helen G. Ullrich | 3.7 | $350 | $ 1,295.00 |
| Amanda Stewart | 13.1 | $ 50 | $ 655.00 |
| Evelyn Brown Bell | 7.15 | $ 50 | $ 357.50 |
| Mary Persson | 1.5 | $ 50 | $ 75.00 |
| **TOTAL** | | | **$83,006.50** |
| Less 50% | | | $41,503.25 |
| Total after Reduction | | | $41,503.25 |

### G. Costs

 Coe did not include a costs breakdown chart or a discussion of costs in her memorandum and her attorney's affirmation in further support of her motion for for attorneys' fees and costs. Coe lists out her requested award for attorneys' fees and states that this amount is the amount this Court ought award for attorneys' fees and costs, yet this list does not include a costs figure. Pl.'s Mem. in Further Supp. of Mot. for Attys.' Fees and Costs at 10; Bergstein's Sec. Affim. at 15. Coe did, however, include a costs breakdown chart in her initial supporting documents to the motion for attorneys' fees and costs. *See* Bergstein's Affirm. Ex. 2. The Court finds the costs set out in the costs breakdown chart to be reasonable. The Court awards Coe her requested $739.95 in costs.

### III. CONCLUSION

As a result of the foregoing analysis, Coe's Motion for Attorneys' Fees and Costs is ALLOWED in accordance with the following awards: $41,503.25 in attor-

neys' fees and $739.95 in costs. The total award for fees and costs equals $42,243.20.

SO ORDERED.