**MISTER SPROUT, INC., Petitioner,**

**v.**

**WILLIAMS FARMS PRODUCE SALES, INC., Respondent.**

**No. 10 Civ. 6036(RMB)(JCF).**

United States District Court, S.D. New York.

July 25, 2012.

See also 2011 WL 797494.

Linda Strumpf, Law Offices of Linda Strumpf, New York, NY, for Petitioner.

Mark A. Amendola, Martyn and Associates, Cleveland, OH, for Respondent.

*DECISION & ORDER*

RICHARD M. BERMAN, District Judge.

**I. Background**

On June 18, 2012, United States Magistrate Judge James C. Francis IV, to whom this matter had been referred, issued a Report and Recommendation ("Report") recommending that the Court award Williams Farms Produce Sales, Inc. ("Respondent" or "Williams Farms") $23,460.00 in attorney's fees and $349.38 in costs related to Respondent's successful defense against Mister Sprout, Inc.'s ("Petitioner" or "Mister Sprout") appeal of the Court's March 3, 2004 Decision & Order granting summary judgment in favor of Respondent. (Report at 1, 13.) Judge Francis

found, among other things, that: (1) "[R]espondent's attorney's rate of $345 per hour [is] reasonable" for work on the appeal; (2) 68 hours was reasonable for work on the appeal; and (3) $349.38 in costs related to the appeal was reasonable. (Report at 6, 7–8, 12, 13.) Judge Francis recommended that the Court deny $862.50 for 2.5 hours of attorney travel because "a reasonable client usually hires counsel from within his district"; $517.50 for 1.5 hours for renewal of attorney bar admission because "it is expected that [an attorney] is already qualified to litigate the case"; and $258.75 for 0.75 hours for remedying improper e-filing of a brief because "[a] reasonable client would not pay fees incurred correcting errors made by the attorney." (Report at 8, 9, 10.) The total disallowed attorney's fees were $1,638.75 (the total allowed was $23,460.00). (Report at 12.) Judge Francis also recommended that the Court deny $847.71 in travel costs and $25.00 for bar admission renewal. (Report at 12–13.) The total disallowed costs were $872.71 (the total allowed was $349.38). (Report at 12–13.)

On July 2, 2012, Petitioner filed Objections to the Report arguing that: (1) "the hourly rate of $345 is excessive"; and (2) the amount of hours recorded by Respondent's attorney "is not in keeping with the work performed and the difficulty of the work." (Pet'r's Objections to the Report and Recommendation, dated July 2, 2012 ("Pet'r's Objs."), at 1, 5.) Petitioner did not object to Judge Francis's recommendations with respect to costs. (*See* Pet'r's Objs.)

On July 2, 2012, Respondent filed an Objection to the Report arguing that the Court should award Respondent the full amount of its requested legal fees and costs because, among other reasons, the Court "granted full travel fees and costs for the underlying U.S. District Court case"; "it is normal that an out-of-state shipper will employ its main counsel from outside New York"; and "[t]here is no a *priori* reason why an out-of-state shipper should be compelled to rely solely upon New York counsel, with whom it is almost sure to be unfamiliar." (Resp't's Objection to Report and Recommendation, dated July 2, 2012 ("Resp't's Obj.") at 2, 4.) Respondent did not object to any other portion of the Report. (*See* Resp't's Obj.)

On July 16, 2012, Petitioner filed a response to Respondent's Objections, arguing, among other things, that "there are numerous attorneys in the New York area, who are just as close in proximity to Respondent as their present counsel." (Pet'r's Resp. to Objections Filed by Respondent ("Pet'r's Response"), dated July 16, 2012, at 2.)

Respondent did not submit a response to Petitioner's Objections.

**For the reasons stated below, the Court adopts the Report with the modification that the Court grants Respondent's request for attorney travel time and travel costs.**

## II. Standard of Review

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous. *See* Fed. R.Civ.P. 72(b); *see also Deleon v. Strack,* 234 F.3d 84, 86–87 (2d Cir.2000). The Court makes "a *de novo* determination of those portions of the report to which objections have been made" and "may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate." 28 U.S.C. § 636(b)(1); *see also* Fed.R.Civ.P. 72(b).

"[I]t is within the Court's discretion to compensate counsel for travel time at full hourly rates." *Sulkowska v. City of*

*New York,* 170 F.Supp.2d 359, 369 (S.D.N.Y.2001).

### III. Analysis

The facts as set forth in the Report are incorporated herein by reference. The Court has conducted a *de novo* review of, among other things, the record, the Report, Petitioner's Objections, Respondent's Objections, Petitioner's Response, and applicable legal authorities and adopts the recommendations of Judge Francis with the modification that Respondent is also entitled to $862.50 for 2.5 hours of attorney travel time and $847.71 in travel costs. *See* Fed.R.Civ.P. 72(b)(3); *Pizarro v. Bartlett,* 776 F.Supp. 815, 817 (S.D.N.Y.1991).[1]

#### (1) Reasonable Rate

Judge Francis correctly determined that $345 per hour is a reasonable hourly rate because "courts in this district and neighboring districts have found similar rates to be reasonable." (Report at 6–7 (citing Order, dated Apr. 8, 2011, at 1)); *see Coe v. Blooming Grove,* 714 F.Supp.2d 439, 450 (S.D.N.Y.2010); *Patrolmen's Benevolent Ass'n v. City of New York,* No. 97 Civ. 7895, 98 Civ. 8202, 2003 WL 21782675 at *6 (S.D.N.Y. 2003).

#### (2) Reasonable Hours

Judge Francis correctly found that $517.50 for 1.5 hours for Respondent's attorney's bar admission renewal is not compensable because "it is expected that [an attorney] is already qualified to litigate the case." (Report at 9.) And, Judge Francis correctly found that $258.75 for 0.75 hours for remedying an improper e-filing is not compensable because "[a] reasonable client would not pay fees incurred correcting errors made by the attorney." (Report at 10.)

█ The Court respectfully disagrees with the Report's recommendation that $862.50 for 2.5 hours of attorney travel time is not compensable, *see Ruggiero v. Krzeminski,* 928 F.2d 558, 564–65 (2d Cir. 1991); *Sulkowska,* 170 F.Supp.2d at 369, on the theory that "a reasonable client usually hires counsel from within his district." (Report at 8.) Where, as here, Respondent is an out-of-state shipper, there is generally little "reason why an out-of-state shipper should be compelled to rely solely upon New York counsel." *Koam Produce, Inc. v. Dimare Homestead, Inc.,* 222 F.Supp.2d 399, 401 (S.D.N.Y.2002) *aff'd,* 329 F.3d 123 (2d Cir.2003). Moreover, it would appear cost effective to have trial counsel, who already obtained summary judgment for Respondent, argue the case on appeal. Also, the Court previously granted travel time incurred in defending the case in district court. (*See* Order, dated Apr. 8, 2011.) Two and a half hours of travel time appears to be reasonable. *See Sulkowska v. City of New York,* 170 F.Supp.2d 359, 369 (S.D.N.Y.2001) ("Given that plaintiff hired a firm located outside of Manhattan, it would be reasonable to expect the firm to bill plaintiff for lawyers' travel to and from the city.").

Petitioner's Objection to certain of Respondent's billing entries as "excessive in view of the work performed" is unpersuasive. (Pet'r's Obj. at 7–11.) Judge Francis addressed this issue and correctly found that "[m]any of Mister Sprout's objections do not take into account all of the tasks completed in the entries it challenges," and "[t]he amount of time needed by the respondent's attorney to com-

1. As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. *See Pizarro,* 776 F.Supp. at 817. Any Objections not specifically addressed in this Order have been considered *de novo* and rejected.

plete these tasks was reasonable and not excessive for the successful defense of this action at the Second Circuit Court of Appeals." (Report at 11.) Many of Petitioner's Objections mirror its arguments before Judge Francis. (*See* Pet'r's Mem. of Law in Opp'n to Resp't's Mot. for Appellate Att'y's Fees and Costs, dated May 10, 2012, at 4–9 ("[Petitioner] contends that ½ hour to review the decision is more than reasonable."); Report at 11 ("[Petitioner] objects that it should not have taken Williams' attorney two hours on March 9, 2011, to review Judge Berman's Decision and Order, advise his client, and contact Mister Sprout's attorney; however, Mister Sprout overlooks the additional tasks contained in this entry, including drafting correspondence to both opposing and local counsel.").)

**(3) Costs**

Judge Francis correctly found that $349.38 in costs were reasonable for "copying, telefaxes, postage, legal research, and long distance telephone charges." (Report at 12.) Judge Francis also correctly found that $25.00 for bar admission renewal was not reasonable. (Report at 12.)

For the reasons stated *supra* Section III.2, the Court respectfully disagrees with the Report's recommendation to disallow $847.71 in travel costs. *See Koam Produce, Inc.*, 222 F.Supp.2d at 401; *Supe v. Canon USA*, No. 11 Civ. 3827, 2012 WL 1898936, at *3 (E.D.N.Y.2012) (awarding "air fare costs incurred by Defendants' counsel."); *see also* (Order, dated Apr. 8, 2011.) Accordingly, the total award for costs is $1,197.09 ($349.38 plus $847.71).

## IV. Conclusion & Order

For the reasons stated herein and therein, the Court adopts the Report [# 41] and also authorizes an award for $862.50 (attorney travel time) and $847,71 (travel costs). The Clerk of the Court is respectfully requested to enter a supplemental judgment in favor of Respondent in the amount of $24,322.50 in attorney's fees and $1,197,09 in costs.

*REPORT AND RECOMMENDATION*

JAMES C. FRANCIS IV, United States Magistrate Judge.

TO THE HONORABLE RICHARD M. BERMAN, United States District Judge:

This Case Arose Out of A Claim Pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.* Following an unsuccessful appeal by the petitioner, Mister Sprout, Inc. ("Mister Sprout"), to the Second Circuit, the parties have been unable to agree on an award of attorneys' fees and costs to the respondent, Williams Farms Produce Sales, Inc. ("Williams"), related to the appeal. Williams now moves for an award of $25,098.75 in fees and $1,222.09 in costs. (Defendant–Appellee Williams Farms Produce Sales, Inc.'s Reply to Plaintiff–Appellant Mister Sprout, Inc.'s Memorandum of Law in Opposition to Appellate Fees and Costs ("Williams Reply Memo."), at 11).

*Background*[1]

A. *Procedural History*

On August 11, 2010, Mister Sprout filed an appeal pursuant to Section 499g(c) from a Reparation Order of the United States Department of Agriculture (the "USDA") awarding Williams $30,880.00 for Mister Sprout's refusal to pay for two truckloads of tomatoes. (Notice of Appeal dated Aug. 9, 2010). The Honorable Richard M. Berman, U.S.D.J., affirmed the USDA's decision in favor of Williams and granted its request for reasonable attorneys' fees and

1. Factual aspects of the case are set forth in more detail in *Mister Sprout, Inc. v. Williams Farms Produce Sales, Inc.*, 10 Civ. 6036, 2011 WL 797494 (S.D.N.Y. March 4, 2011), *aff'd*, 468 Fed.Appx. 67 (2d Cir.2012).

costs. (Decision and Order dated March 4, 2011). Judge Berman awarded Williams its full requested fees of $15,611.25 for 42.25 hours at an hourly rate of $345 and full requested costs of $990.39. (Order dated April 8, 2011 ("April 8 Order") at 1). On April 11, 2012, the Second Circuit affirmed Judge Berman's Decision and Order in its entirety. (Summary Order dated April 11, 2011). Williams then filed the instant motion for its attorneys' fees and costs incurred in connection with the appeal to the Second Circuit. (Defendant–Appellee Williams Farms Produce Sales, Inc.'s Motion for Appellate Fees and Costs dated April 25, 2012).

B. *The Attorneys' Fee Application*

The respondent's fee application requests reimbursement for 72.75 hours at an hourly rate $345.00, for a total of $25,098.75 in fees. (Declaration of Mark A. Amendola dated April 25, 2012 ("Amendola Decl."), ¶ 10; Billing Record of Mark A. Amendola, attached as Exh. B to Amendola Decl. ("Amendola Bills") at 4). Williams also requests $1,222.09 for costs including travel, an attorney admission renewal fee, copying, telefaxes, postage, legal research, and long distance telephone charges. (Amendola Bills at 4).

Mister Sprout objects to the respondent's fee application on the grounds that (1) the hourly rate sought is unreasonable; (2) some tasks performed by Williams' attorney are not compensable; and (3) the hours spent by respondent's attorney in performing some tasks were excessive in light of the work performed. (Petitioner–Appellant's, Mister Sprout, Inc., Memorandum of Law in Opposition to Respondent–Appellee's Motion for Appellate Attorney's Fees and Costs ("Sprout Memo.") at 4–9). In addition, the petitioner opposes reimbursement of costs associated with the attorney admission renewal fee. (Sprout Memo. at 5–6, 9).

*Discussion*

A. *Legal Framework*

■ Under Section 499g(c), "if appellee prevails he shall be allowed a reasonable attorney's fee to be taxed and collected as part of his costs." Here, the respondent is the prevailing party by virtue of the Second Circuit's affirmation of Judge Berman's Decision and Order. It is generally more appropriate for the district court than the circuit court to award appellate fees and costs because "[t]he district court is in closer proximity to and has greater experience with the relevant community whose prevailing market rate it is determining." *Farbotko v. Clinton County of New York,* 433 F.3d 204, 210 (2d Cir.2005)

■ Courts have traditionally determined the reasonableness of attorneys' fees using the lodestar method: "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The Supreme Court has emphasized that the lodestar amount should be based on "prevailing market rates." *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). In *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany,* 522 F.3d 182 (2d Cir.2008), the Second Circuit identified confusion among the circuits as to whether case-specific variables [2] should be taken

2. These specific variables, outlined in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974) *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989), are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed

into account in setting the reasonable hourly rate or should be used in adjusting the fee determined by the lodestar calculation. *See id.* at 188. In response to this confusion, the Second Circuit instructed courts "to bear in mind *all* of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* at 190. In rare cases, courts may adjust the presumptively reasonable fee to account for factors not adequately taken into consideration in determining the reasonable hourly rate. *See Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, ——, 130 S.Ct. 1662, 1673, 176 L.Ed.2d 494 (2010).

B. *Hourly Rate*

Courts should analyze the reasonableness of an attorney's hourly rate in light of what a reasonable person would be willing to pay for such services, "bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill,* 522 F.3d at 190. In determining the prevailing market rate for legal services, courts primarily refer to the rates actually charged by the applicant, the rates charged by other attorneys for similar work, and the rates awarded by courts in other cases. *See Farbotko,* 433 F.3d at 209. Absent special circumstances, courts should look within their own district for the determination of reasonable hourly rates. *See Simmons v. New York City Transit Authority,* 575 F.3d 170, 174–75 (2d Cir.2009); *Arbor Hill,* 522 F.3d at 191. The burden is on the fee applicant to establish that the "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum,* 465 U.S. at 896 n. 11, 104 S.Ct. 1541.

Williams' attorney contends that his hourly rate of $345 is reasonable given his years of experience in this area of the law. (Amendola Decl., ¶ 10); since 1996, his practice has consisted exclusively of representing corporate clients in PACA litigation. (Amendola Decl., ¶ 4). Williams also relies on a recent fee shifting case, *Coe v. Town of Blooming Grove,* 714 F.Supp.2d 439 (S.D.N.Y.2010), *vacated on other grounds,* 429 Fed.Appx. 55 (2d Cir. 2011), which held that $350 per hour was reasonable for civil rights litigation in federal court, as well as on Judge Berman's prior finding that $345 per hour was reasonable in connection with the respondent's attorney's work in the district court. (Williams Reply Memo. at 3). By contrast, Mister Sprout contends that the rate charged by respondent's attorney is unreasonable and that the average rate for attorneys in New York is $200 per hour.[3] (Sprout Memo. at 4).

Here, the doctrine of "law of the case" controls the issue. *See Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983) ("When a court decides upon a rule of law, that decision should continue to govern the issues in subsequent stages in the same

by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

3. The petitioner's source for this rate—a "Wiki.answers.com" response to the prompt "What is average hourly rate for lawyers in New York?" (Sprout Memo., Exh. A)—is not acceptable proof. There is no indication of how this rate was derived, it is not specific to this district, it is not limited to federal litigation, and it does not take into account attorney experience. Accordingly, I afford Mister Sprout's argument little weight.

case."). While the doctrine is not binding, and a court has the power to revisit its previous decisions, it "should be loathe to do so in the absence of extraordinary circumstances, such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (quoting *Arizona*, 460 U.S. at 618 n. 8, 103 S.Ct. 1382). There is no reason to deviate from—and good reason to follow—Judge Berman's prior decision deeming the respondent's attorney's rate of $345 per hour reasonable. Counsel's billing rates are strong evidence of prevailing market rates. *See Farbotko*, 433 F.3d at 209–10; *Tatum v. City of New York*, No. 06 Civ. 4290, 2010 WL 334975, at *4 (S.D.N.Y. Jan. 28, 2010); *Rozell v. Ross–Holst*, 576 F.Supp.2d 527, 544 (S.D.N.Y. 2008). Furthermore, courts in this district and in neighboring districts have found similar rates to be reasonable for attorneys with similar experience. *See Coe*, 714 F.Supp.2d at 450 (holding $350 per hour reasonable for civil rights federal court litigation); *Wise v. Kelly*, 620 F.Supp.2d 435, 446–47 (S.D.N.Y.2008) (collecting cases finding hourly rates of $350 to $430 reasonable for experienced attorneys); *Food Authority, Inc. v. Sweet & Savory Fine Foods, Inc.*, No. 10 Civ. 1738, 2011 WL 477714, at *4 (E.D.N.Y. Feb. 4, 2011) (holding $325 per hour reasonable for partner litigating PACA case).

C. *Compensable Hours*

In determining the reasonableness of the number of hours expended, "courts should exclude excessive, redundant or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir.1999). Where a court finds the requested hours unreasonable, it may make specific reductions or an across the board reduction where the number of billing entries is voluminous. *See In re Agent Orange Product Liability Litigation*, 818 F.2d 226, 237 (2d Cir.1987).

Mister Sprout contends that compensation is improperly sought for (1) respondent's attorney's travel time between Ohio and New York, (2) the time respondent's attorney spent on renewal of his admission to the Second Circuit bar, and (3) the time he spent correcting his own e-filing error. (Sprout Memo. at 5–8). In addition, the petitioner objects more generally that time spent on some tasks was excessive. (Sprout Memo. at 4–9). I will address each issue in turn.

1. *Attorney Travel Time*

Williams seeks to recover for 5.5 hours on April 20, 2012, for items including its attorney's round trip travel from Ohio to New York City, review of the file en route, and oral argument before the Second Circuit Court of Appeals. (Amendola Bills at 4). Mister Sprout seeks to reduce this amount to 1.5 hours, arguing that travel time from Ohio should not be compensable because the respondent could have hired a local attorney. (Sprout Memo. at 8). The respondent reasons that fees should be awarded for this time because, when traveling, counsel forewent the opportunity to represent other clients and spent the flight to New York preparing for oral argument. (Williams Reply Memo. at 9–10).

Although it is within a district court's discretion to compensate travel time at the full hourly rate, *see Ruggiero v. Krzeminski*, 928 F.2d 558, 564–65 (2d Cir.1991), courts in the Second Circuit often reduce attorneys' fees for travel time by 50 percent, *LV v. New York City Department of Education*, 700 F.Supp.2d 510, 526 (S.D.N.Y.2010); *Wilder v. Bernstein*, 975 F.Supp. 276, 284 (S.D.N.Y.1997); *see also Steinberg v. Carey*, 470 F.Supp. 471, 479–80 (S.D.N.Y.1979) ("Similarly, time spent in travelling to and from conferences, court appearances and depositions should

not be billed at the higher rate."). However, in light of the Second Circuit's emphasis that a reasonable client usually hires counsel from within his district, *see Arbor Hill*, 522 F.3d at 191, fees associated solely with respondent's attorney's round trip travel from Ohio are not compensable.

Respondent's attorney's travel time is included in a single entry for April 20, 2012 along with other plainly compensable tasks such as participating in oral argument. (Amendola Bills at 4). "To the extent [ ] that compensable and non-compensable tasks are included in the same entry, it must be presumed that the bulk of the time was devoted to non-compensable work." *Ursa Minor Ltd. v. Aon Financial Products, Inc.*, No. 00 Civ. 2474, 2001 WL 1842042, at *6 (S.D.N.Y. May 30, 2001). Here, round trip travel between Ohio and New York City is approximately 4 hours, leaving 1.5 hours as fully compensable. Of the time estimated for travel, 1.5 hours are also compensable at the full hourly rate of $345 because respondent's attorney engaged in preparation for oral argument on his flight to New York; however, the additional 2.5 hours estimated as travel time are not compensable.

2. *Renewal of Bar Admission*

The respondent seeks compensation for the 1.5 hours on April 4, 2011, for reviewing the notice of appeal, drafting correspondence to the client, reviewing the Court of Appeals docket, and researching the process for renewing his admission to the bar of the Second Circuit. (Amendola Bills at 2). The respondent also seeks compensation for 0.5 hours on April 5, 2011, for preparation of his bar renewal. (Amendola Bills at 2). While the petitioner contends that it should not be responsible for the costs associated with the renewal of admission (Sprout Memo. at 5), the respondent replies that this was necessitated by the petitioner's appeal to the Second Circuit. (Williams Reply Memo. at 5).

When an attorney agrees to represent a client in litigation, it is expected that he is already qualified to litigate the case. Accordingly, the compensable hours for the entry of April 4, 2011, shall be reduced by 1 hour, leaving 0.5 hours compensable, and the 0.5 hours spent on April 5, 2011, will not be compensated.

3. *Corrective Action*

Williams seeks compensation for 0.25 hours spent on September, 22, 2011, spent reviewing a request for action taken to remedy the improper e-filing of a brief. (Amendola Bills at 3). The respondent also seeks compensation for 0.5 hours on September 23, 2011, implementing the correction. (Amendola Bills at 3). Mister Sprout contends that it should not be responsible for the time the respondent's attorney spent correcting his own mistake. (Sprout Memo. at 7).

Courts in this circuit have consistently found that time expended by an attorney in remedying his own errors is not compensable. *See Luca v. County of Nassau*, 698 F.Supp.2d 296, 307 (E.D.N.Y.2010) ("[T]he cost of correcting an attorney's errors, no matter how trivial, should be borne by the attorney, not the defendant."); *Erath v. Academic Stone Setters, Inc.*, No. 07 Civ. 4229, 2008 WL 4146200, at *4 (E.D.N.Y. Sept. 8, 2008) ("I find that the additional hours expended by counsel and support staff to correct these errors and omissions are 'excessive, redundant, [and] otherwise unnecessary'" (alteration in original) (quoting *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933)); *Davis v. New York City Housing Authority*, Nos. 90 Civ. 628, 92 Civ. 4873, 2002 WL 31748586, at *6 (S.D.N.Y. Dec. 6, 2002) ("The 1.83 hours spent correcting time records ... shall be discounted."). A reasonable client would not pay fees incurred correcting errors made by the attorney. *See Luca*, 698

F.Supp.2d 296 at 306. Therefore, the 0.25 hours billed on September 22, 2011, and the 0.5 hours billed on September 23, 2011, will not be compensated.

4. *Claims of Excessive Time Spent on Other Tasks*

Mister Sprout's remaining objections involve its contention that time spent on certain tasks was excessive.[4] (Sprout Memo. at 4–9). Many of Mister Sprout's objections do not take into account all of the tasks completed in the entries it challenges. For example, Mister Sprout objects that it should not have taken Williams' attorney two hours on March 9, 2011, to review Judge Berman's Decision and Order, advise his client, and contact Mister Sprout's attorney (Sprout Memo at 4); however, Mister Sprout overlooks the additional tasks contained in this entry, including drafting correspondence to both opposing and local counsel (Amendola Bills at 2). Mister Sprout's claims are without merit. The amount of time needed by the respondent's attorney to complete these tasks was reasonable and not excessive for the successful defense of this action at the Second Circuit Court of Appeals.

D. *Calculation of the Award*

Based on the analysis above, the following deductions are made from the hours requested by respondent's counsel:

| Billing Entry | Number of Hours Affected | Total Deduction |
|---|---|---|
| April 4, 2011 | 1.00 | $ 345.00 |
| April 5, 2011 | 0.50 | $ 172.50 |
| Sept. 22, 2011 | 0.25 | $ 86.25 |
| Sept. 23, 2011 | 0.50 | $ 172.50 |
| April 20, 2012 | 2.50 | $ 862.50 |
| | **Total** | $ 1,638.75 |

Applying the reasonable rates established above to the approved hours yields the following results:

| | Hours | Rate | Total |
|---|---|---|---|
| **Requested** | | | |
| | 72.75 | $ 345.00 | $ 25,098.75 |
| **Actual** | | | |
| | 68.00 | $ 345.00 | $ 23,460.00 |

While a court may adjust the presumptively reasonable amount in determining a final award, it may do so only in exceptional circumstances and only based on factors not already accounted for in the lodestar calculation. *Perdue,* 559 U.S. at ——, 130 S.Ct. at 1673. This is not a case that warrants deviating from the presumptively reasonable fee, and I therefore recommend a fee award in the amount of $23,460.00.

E. *Costs*

The respondent seeks compensation for $1,222.09 in costs including the attorney's bar admission renewal fee to the Second Circuit, attorney travel, copying, telefaxes, postage, legal research, and long distance telephone charges. (Amendola Bills at 4). The $25.00 bar admission renewal fee is not compensable for the same reasons that the respondent is not entitled to fees associated with time spent on bar renewal. Additionally, the respondent may not recover the $847.71 in costs requested for attorney travel. *See U.S. ex rel. Feldman v. Van Gorp,* 03 Civ. 8135, 2011 WL 651829, at *5 (S.D.N.Y. Feb. 9, 2011) ("Because competent competent counsel was

4. Specific billing entries in which the petitioner challenges the respondent's billed hours as excessive include entries on March 9, 2011, March 11, 2011, April 19, 2011, February 21, 2012, and February 28–29, 2012,

available within the district, these travel costs were not reasonably incurred."). I therefore recommend an award of costs in the amount of $349.38.

*Conclusion*

For the reasons discussed, I recommend that judgment be entered awarding Williams attorneys' fees in the amount of $23,460.00 and costs in the amount of $349.38.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Richard M. Berman, Room 1320, 500 Pearl Street, New York, N.Y. 10007, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007, Failure to file timely objections will preclude appellate review.