10-554-cv
*Green v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of December, two thousand ten.

PRESENT:  PIERRE N. LEVAL,
          DEBRA ANN LIVINGSTON,
                    *Circuit Judges*,
          RICHARD M. BERMAN,
                    *District Judge.*[*]

_____

CELESTE GREEN, as Parent and Natural Guardian
of ALIA GREEN, MARSCHELL RUGGS, as Parent
and Natural Guardian of ASHLEY VICTORIA RUGGS,
JONATHAN BOLOS, RANDI BOLOS, as Parents and
Natural Guardians of LAUREN BOLOS,

    *Plaintiffs-Appellants*,

  -v.-                                    No. 10-554-cv

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF SOCIAL SERVICES HUMAN RESOURCES
ADMINISTRATION, VERNA EGGLESTON,

    *Defendants-Appellees*.

_____

[*]The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

ADAM D. MITZNER, Pavia & Harcourt LLP, New York, New York (Howard S. Davis, Oceanside, New York, *on the brief*), *for Plaintiffs-Appellants*.

RONALD E. STERNBERG (Leonard Koerner, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York, *for Defendants-Appellees*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiffs-Appellants ("Appellants") successfully obtained a favorable settlement with the City of New York on behalf of a class of plaintiffs who alleged that the City, for a period spanning several decades, improperly recovered costs for special education and related services that it was required to provide to plaintiffs free-of-charge, through the imposition of Medicaid liens on plaintiffs' recoveries in negligence suits, in violation of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA"). Appellants appeal from a January 14, 2010 Memorandum & Order of the United States District Court for the Eastern District of New York (Townes, *J.*), resolving objections to the Report & Recommendation of Magistrate Judge E. Thomas Boyle, and awarding them, *inter alia*, $874,998.30 in attorneys' fees. We presume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review a district court's award of attorneys' fees for abuse of discretion, *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000), which "occurs when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Kickham Hanley P.C. v. Kodak Ret. Income Plan*, 558 F.3d 204, 209 (2d Cir. 2009) (internal quotation marks omitted).

2

Moreover, "'abuse of discretion'—already one of the most deferential standards of review—takes on special significance when reviewing fee decisions," *Goldberger*, 209 F.3d at 47, since "the district court, which is intimately familiar with the nuances of the case, is in a far better position . . . than is an appellate court, which must work from a cold record," *In re Bolar Pharm. Co., Inc., Sec. Litig.*, 966 F.2d 731, 732 (2d Cir. 1992) (per curiam). Accordingly, "the question before us is not whether we would have awarded a different fee, but rather whether the district court abused its discretion in awarding this fee." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 134 (2d Cir. 2008).

## I. The Forum Rule

First, Appellants contend that the district court erred in failing to calculate their fee based on prevailing rates in the Southern District of New York, despite the fact that this case was litigated in the Eastern District. In sum, they argue that Southern District rates should have applied since they "could have filed this action in the Southern District [but] chose not to" do so. Appellants' Br. 24. We have held, however, that "when faced with a request for an award of higher out-of-district rates, a district court must first apply a presumption in favor of application of the forum rule." *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 175 (2d Cir. 2009). This presumption will be overcome only if a litigant can "persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result." *Id.* This requires a "particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would [have] produce[d] a substantially inferior result." *Id.* at 176.

Here, Appellants made no effort to overcome this presumption with regard to any member

of their litigation team other than Howard Davis. As to Davis, moreover, they have failed to make the "particularized showing" necessary to overcome the *Simmons* presumption in favor of application of in-district rates. As the district court noted, Davis, by his own admission, has spent the "vast majority" of his career handling personal injury and medical malpractice litigation. *Green v. City of N.Y.*, No. 05-CV-429, 2010 WL 148128, at *5 (E.D.N.Y. Jan. 14, 2010). His only expertise regarding the IDEA derived from his tangentially-related *pro bono* experience representing parties seeking to recover Social Security disability benefits, and he has "not allege[d] that he has ever brought an action pursuant to the [IDEA]." *Id.*

Furthermore, Appellants have made no showing, beyond mere conjecture, that "local counsel possessing requisite experience were unwilling or unable to take the case," or that no in-district counsel possessed expertise necessary to litigate the case. *Simmons*, 575 F.3d at 176. As the district court found and the record confirms, Appellants produced "no evidence to substantiate th[e] claim" that Davis possessed expertise that could not have been obtained in the Eastern District. *Green*, 2010 WL 148128, at *7. It is clear from the record before us, then, that Appellants have failed to meet their burden of demonstrating that this is "the unusual case" in which the presumption in favor of in-district rates has been overcome. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 191 (2d Cir. 2008). Accordingly, we conclude that the district court did not abuse its discretion in calculating Appellants' fees based on prevailing rates in the Eastern District.

## II. The Appropriate Fee Range

Next, Appellants argue—assuming, *arguendo*, that the district court did not err in applying

4

Eastern District rates, as we conclude it did not—that the court below nonetheless erred in calculating the appropriate range of fees for like services in the Eastern District of New York. They contend that the court erred in refusing to award fees by reference to those awarded in certain complex class action cases cited by Appellants, as well as in calculating the appropriate range of fees for "non-class action lawyers" in the Eastern District. Appellant's Br. 22. Because we locate no error in the district court's thorough and meticulous assessment of both the prevailing rates in the Eastern District and the circumstances of the instant case, however, we conclude that it did not abuse its discretion in awarding fees pursuant to what it concluded to be the appropriate hourly rates.

We have held that "[t]he reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 190. In determining an appropriate hourly rate, "the district court should consider, among others, the *Johnson* factors," *id.*, and should attempt to approximate "the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation," *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (internal quotation marks omitted). The court, however, "should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. The reasonable hourly rate determined by the district court, in combination with a reasonable number of expended hours, is utilized "to calculate what can properly be termed the 'presumptively reasonable fee.'" *Id.*

Both the magistrate judge and district court below thoroughly and conscientiously assessed the prevailing rates in the Eastern District, the characteristics of this case vis-à-vis the cases cited by Appellants, and the *Johnson* factors. *See Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974). The court concluded that the cases relied upon by Appellants in support of their

5

requested rates largely involved complex class actions or multi-district litigations, while the instant case was a fairly straightforward civil rights action which, although rendered at least somewhat complex by virtue of its nature as a class action, required a relative lack of effort and experience on the part of class counsel. On the record presented, we will not disturb the district court's well-reasoned finding that the cases relied upon by Appellants were distinguishable from the instant case, or otherwise inapposite to the determination of an appropriate fee. *Cf. Arbor Hill*, 522 F.3d at 194 (noting the "considerable deference that we owe to a district court's assessment of the *Johnson* and other factors").

Moreover, the district court did not, as Appellants contend, rely on outdated or otherwise inaccurate case law in assessing prevailing market rates for similar services in the Eastern District. *See, e.g.*, *Green*, 2010 WL 148128, at *9 (citing *Melnick v. Press*, No. 06-CV-6686, 2009 WL 2824586, at *9 (E.D.N.Y. Aug. 28, 2009) (surveying recent Eastern District case law and concluding that "[a] review of recent cases in this District indicates that the range of appropriate billing rates is $200-$375 per hour for partners and $100-$295 per hour for associates")). Accordingly, we find no abuse of discretion in the district court's reasonable determination of the appropriate fee range in this case, as well as its conclusion that both Davis and Mitzner deserved fees near the high end of that range. *Cf. Farbotko v. Clinton Cnty. of N.Y.*, 433 F.3d 204, 210 (2d Cir. 2005) ("The district court is in closer proximity to and has greater experience with the relevant community whose prevailing rate it is determining.").

### III. Across-the-Board Reduction for Block-Billing

Finally, Appellants contend that the district court erred in applying a 15% across-the-board

reduction in hours on account of pervasive block-billing in the time entries submitted by Davis and Mitzner. They argue that this reduction was imposed "for no other reason than because time entries were broken-out by day and not by task," contrary to the "majority rule in this Circuit not to deduct time in such a sweeping manner when the time entries in their totality are reasonable and when counsel followed the normal practice of billing by attorneys for paying clients." Appellant's Br. 26 (emphasis in original). This argument misapprehends the district court's basis for imposing such a reduction, however, and we conclude that the court did not abuse its broad discretion in applying the chosen reduction to the time entries submitted by Appellants.

We have held that in reviewing a fee application, a district court should "examine[] the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case," and if it "concludes that any expenditure of time was unreasonable, it should exclude these hours from the lodestar calculation." *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended," *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), and "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly," *id.* at 433. Thus, we have recognized the authority of district courts "to make across-the-board percentage cuts in hours 'as a practical means of trimming fat from a fee application.'" *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987) (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)) (noting that "[u]nder such circumstances, no item-by-item accounting of the hours disallowed is necessary or desirable"). Finally, we must bear in mind that "[w]e cannot reverse a district court's findings in this regard merely because we might have weighed the information provided in the fee petitions

7

differently," and we will reverse a district court's conclusion "as to which hours to compensate only when it is apparent that the size of the award is out of line with the degree of effort reasonably needed to prevail in the litigation." *Id.*

Here, the district court recognized that "the obfuscation inherent in block billing frequently renders it impossible to determine the reasonableness of specific charges aggregated within the block billing." *Green*, 2010 WL 148128, at *12. The court undertook its own detailed analysis of the hours submitted by Davis and Mitzner, noting that over 28% of Davis's hours and over 38% of Mitzner's hours comprised block-billing. *Id.* at *13. Based on its own review, the district court concluded that "approximately half of the block billing in Mr. Davis's records, and about 40% of the block billing in Mr. Mitzner's records, raised . . . concerns" about reasonableness. *Id.* In such circumstances, given the broad discretion afforded the district court in determining the reasonableness of a fee application, we cannot conclude that the district court abused its discretion in imposing a 15% across-the-board reduction in Davis's and Mitzner's time entries.

We have considered all of Appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk