10-3307(L)
Coe v. Town of Blooming Grove

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of July, two thousand eleven.

PRESENT:   BARRINGTON D. PARKER,
           DENNY CHIN,
           RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*,

------------------------------------------------------------------

REV. ALEXANDRA COE,
                    *Plaintiff-Appellee-Cross-Appellant*,

           v.                                        Nos. 10-3307(L),
                                                     10-3403(XAP)

TOWN OF BLOOMING GROVE,
VILLAGE OF WASHINGTONVILLE,
                    *Defendants-Appellants-Cross-Appellees*.

------------------------------------------------------------------

                    STEPHEN BERGSTEIN (Scott A. Korenbaum, New York,
                    NY, on the brief), Bergstein & Ullrich, LLP, Chester, NY, for
                    Plaintiff-Appellee-Cross-Appellant.

                    J. BENJAMIN GAILEY, Jacobowitz and Gubits, LLP,
                    Walden, NY, for Defendants-Appellants-Cross-Appellees.

Appeal from the United States District Court for the Southern District of New York (William C. Conner and William G. Young,[1] Judges).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED and REMANDED in part.

In decisions dated July 7, 2008, and May 18, 2010, the District Court resolved Plaintiff Alexandra Coe's challenges to the application and facial validity of certain provisions of the Codes of the Town of Blooming Grove (the "Town") and Village of Washingtonville (the "Village"), and awarded $41,503.25 in attorney's fees to Coe under 42 U.S.C. § 1988(b).  The Town and Village appeal: (1) the District Court's determination that Moffat Lawn (the "Lawn") is a traditional public forum, and its award of $200 in compensatory damages for the Town's attempt to enforce its liability insurance requirement against Coe prior to her November 2006 peace rally at the Lawn; (2) the District Court's award of one dollar in nominal damages to Coe for the Town's designation of the Lawn as "not a traditional public forum" in its 2007 Code; (3) the District Court's invalidation of a provision of the Town Code requiring "[a]ny person or group seeking to use Town property or facilities [to] first obtain a permit approved by the Town Board" (the "Small Group Permit Requirement"); (4) the District Court's invalidation of a provision of the Village Code requiring "[e]ach permit applicant . . . who seeks to use Village property for organized sport, recreational, picnic, or similar

---

[1]Of the District of Massachusetts, sitting by designation.

purpose[s]" to obtain $1 million of liability insurance; and (5) the District Court's grant of attorney's fees. Coe cross-appeals the District Court's reduction of the attorney's fee award by fifty percent of the requested lodestar amount to account for her limited overall success. We presume familiarity with the facts, the record of prior proceedings, and the legal issues before us.

## DISCUSSION

"We review the district court's grant of summary judgment de novo, and we may affirm on any basis for which there is sufficient support in the record, including grounds not relied on by the district court." Bruh v. Bessemer Venture Partners III L.P., 464 F.3d 202, 205 (2d Cir. 2006) (citations omitted).

**1.** The District Court held that the Lawn was a traditional public forum. We need not decide whether the District Court was correct in this respect, because, at a minimum, the Lawn was a limited public forum at times relevant to this suit, and Coe's access to the Lawn was unconstitutionally restricted on the basis of her viewpoint. A "limited public forum" exists "where the government opens a non-public forum but limits the expressive activity to certain kinds of speakers or to the discussion of certain subjects." Hotel Emps. & Rest. Emps. Union, Local 100 v. City of N.Y. Dep't of Parks & Recreation, 311 F.3d 534, 545 (2d Cir. 2002) (quoting N.Y. Magazine v. Metro. Transp. Auth., 136 F.3d 123, 128 n.2 (2d Cir. 1998)). The operator of a limited public forum may engage in "content discrimination, which may be permissible if it preserves the purposes of that limited forum," but may not engage in "viewpoint discrimination, which is presumed

impermissible when directed against speech otherwise within the forum's limitations." Rosenberger v. Rector & Visitors of the Univ. of Va., 515 U.S. 819, 830 (1995); see also Amandola v. Town of Babylon, 251 F.3d 339, 344 (2d Cir. 2001).

The Town and Village opened the Lawn for expression on the subjects of war and military service when they permitted speakers from private groups, including the Veterans of Foreign Wars ("VFW"), to use it without obtaining liability insurance. The Town and Village argue that the VFW's speech merely conveyed the government's message and thus does not prove the Lawn was opened for private expression, but we find no evidence that the Town or Village authorized, approved, controlled, or ratified the VFW's speech, cf. Pleasant Grove City v. Summum, 129 S. Ct. 1125, 1134 (2009), or that the VFW communicated governmental messages when it addressed these subjects.

By contrast, when Coe asked to hold a peace rally at the Lawn to speak on the same general subjects, the Town informed her "that [she] needed to take out a [$1 million] liability insurance policy." The Town also rejected her request for a waiver of this requirement based on her inability to afford it. In this context, a liability insurance requirement is a prior restraint on speech. See E. Conn. Citizens Action Grp. v. Powers, 723 F.2d 1050, 1055-57 (2d Cir. 1983). Because Coe's speech fell within the scope of prior uses of the Lawn, the selective enforcement of the liability insurance requirement against her constituted unlawful viewpoint discrimination. Even though Coe sought to speak on the same topics as the VFW (i.e., war and military service), apparently she alone was required to obtain $1 million of liability insurance before being allowed to speak.

4

See Rosenberger, 515 U.S. at 828, 830, 832; Amandola, 251 F.3d at 344. Moreover, the Town concedes that it engaged in viewpoint discrimination, as it acknowledges that it granted "selective access" to the VFW to use the Lawn and asserts that it was not required to "allow[] others to express contrary viewpoints." Appellants-Cross-Appellees Br. at 26-27.

In 2007, the Town amended its Code to provide that while "[u]se of Town-owned traditional public forums for First Amendment activity is permitted," the Lawn is "not a traditional public forum." Although the amended Code's new designation of the Lawn purported to exclude all users, the Town continued to allow the VFW to use the Lawn, and the Lawn's status as at least a limited public forum persisted. Therefore, whether or not the Town was correct that the Lawn is "not a traditional public forum," the selective exclusion of Coe continued to discriminate illegally based on viewpoint.

Because we conclude that Coe's access to the Lawn as a limited public forum was unconstitutionally restricted on the basis of her viewpoint, we express no view on the District Court's conclusion that the Lawn is a traditional public forum.

**2.** We affirm the District Court's invalidation of the Town Code's Small Group Permit Requirement for substantially the reasons stated by the District Court. As drafted, without limitation, that requirement restricts a "'substantial' amount of protected free speech, 'judged in relation to [its] plainly legitimate sweep.'" Virginia v. Hicks, 539 U.S. 113, 118-19 (2003) (quoting Broadrick v. Oklahoma, 413 U.S. 601, 615 (1973)).

5

**3.**  The District Court's invalidation of the Village Code's (as opposed to the Town Code's) liability insurance requirement arose from its misunderstanding of the insurance provision.  Rather than requiring that all users of Village property obtain liability insurance regardless of indigency, the Village Code provides that "[a]n applicant who seeks to use Village property outside of a building for First Amendment purposes shall not be required to provide liability insurance."  On appeal, Coe does not defend the District Court's invalidation of the liability insurance requirement, and we vacate the District Court's ruling in this regard.

**4.**  When awarding attorney's fees to a "prevailing party" under 42 U.S.C. § 1988(b), "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."  Fox v. Vice, 131 S. Ct. 2205, 2216 (2011).  This court reviews awards of attorney's fees for abuse of discretion, Scott v. City of New York, 626 F.3d 130, 132 (2d Cir. 2010), giving "substantial deference to [the district court's] determinations, in light of '[its] superior understanding of the litigation.'"  Fox, 131 S. Ct. at 2216 (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

The District Court correctly concluded that Coe was the "prevailing party" under § 1988(b) because she secured awards of compensatory and injunctive relief.  See Farrar v. Hobby, 506 U.S. 103, 109 (1992).  In addition, the court was within its discretion to generally reduce Coe's fee request by fifty percent from the requested lodestar amount to account for her limited overall success.  See Kassim v. City of Schenectady, 415 F.3d 246, 256 (2d Cir. 2005).

We conclude, however, that the District Court exceeded its discretion in denying the portion of Coe's fee request attributable to the prior appeal taken by Defendants. See Coe v. Town of Blooming Grove, 328 F. App'x 743 (2d Cir. 2009) (summary order). At the time that appeal was filed, Coe had prevailed on the merits of three claims we affirm today. It was also clear that an appeal could not be taken under 28 U.S.C. § 1291 until the District Court fixed the amount of damages. See, e.g., LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham, 185 F.3d 61, 64 (2d Cir. 1999) ("[W]here liability has been decided but the extent of damages remains undetermined, there is no final order."). Coe should not have been required to bear the costs of an appeal for which there was no objectively reasonable basis to invoke the jurisdiction of this Court. We therefore vacate the District Court's fee award, with instructions to the District Court to provide full attorney's fees and costs associated with the prior appeal.

**CONCLUSION**

We have considered the parties' remaining arguments and find them to be without merit. The judgment is AFFIRMED in part and VACATED in part as set forth above. The case is remanded to the District Court for all purposes.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7