Reverend Alexandra COE, Plaintiff,

v.

**TOWN OF BLOOMING GROVE,**
**Village of Washingtonville,**
**Defendants.**

**No. 06 CIV. 8149 WGY.**

United States District Court,
S.D. New York.

July 11, 2012.

Stephen Bergstein, Chester, NY, Scott A. Korenbaum, Scott A. Korenbaum, Esq., New York, NY, for Plaintiff.

J. Benjamin Gailey, Michele Lyn Babcock, Walden, NY, for Defendants.

*DECISION and ORDER*

WILLIAM G. YOUNG, District Judge.[1]

## I. INTRODUCTION

This case stems from an action brought by Reverend Alexandra Coe ("Coe") against the Town of Blooming Grove (the

---

1. Of the District of Massachusetts, sitting by designation.

"Town") and Village of Washingtonville (the "Village"), alleging a violation of her First Amendment rights, pursuant to 42 U.S.C. § 1988. The present motion is for attorneys' fees related to two appeals and this motion itself.

### A. Facts and Procedural History

As this is the fifth judicial opinion in this action, the Court presumes familiarity with the underlying facts.

On July 7, 2008, Coe was in part successful in her case against the Town and Village because the court ruled that the Moffat Library lawn was indeed a traditional public forum, certain provisions of the Town and Village Codes did violate the First Amendment on their face or as applied to Coe, and Coe was entitled to damages based on the Town's initial attempt to enforce its insurance requirements against her in October 2006. *Coe v. Town of Blooming Grove*, 567 F.Supp.2d 543 (S.D.N.Y.2008) (the "trial"). The Town and Village appealed the district court's decision but on July 16, 2009, the appeal was dismissed for lack of jurisdiction because the amount of damages remained unresolved. *Coe v. Town of Blooming Grove*, 328 Fed.Appx. 743 (2d Cir.2009) (the "first appeal"). On May 10, 2010, this Court granted Coe's second motion for attorneys' fees awarding $41,503.25 in fees and costs. *Coe v. Town of Blooming Grove*, 714 F.Supp.2d 439 (S.D.N.Y.2010). Coe and the Town and Village cross-appealed. On July 20, 2011, the Second Circuit affirmed this Court's ruling on liability and its ruling on attorneys' fees and costs for the trial, but vacated this Court's order as to attorneys' fees related to the first appeal, remanding the case with directions to award Coe full attorneys' fees for the first appeal. *Coe v. Town of Blooming Grove*, 429 Fed.Appx. 55 (2d Cir.2011) (the "second appeal").

On August 1, 2011, Coe filed a (third) motion for attorneys' fees and costs along with a supporting memorandum asking this Court to award attorneys' fees and costs related to the first and the second appeals along with fees and costs related to the current motion. Notice Mot. Supp. Pl.'s Third Mot. Att'y's Fees Costs, ECF No. 61; Mem. Supp. Pl.'s Third Mot. Att'y's Fees Costs ("Pl.'s Mem."), ECF No. 62. On September 23, 2011, the Town and Village filed an opposition to Coe's motion. Mem. Law Opp'n Pl.'s Third Mot. Att'y's Fees and Costs ("Defs.' Opp'n"), ECF No. 70. Coe filed a reply brief on September 27, 2011. Reply Mem. Law Supp. Pl.'s Third Mot. Att'y's Fees Costs ("Pl.'s Reply"), ECF No. 71.

## II. DISCUSSION

Coe requests total attorneys' fees and costs of $133,460.45. Pl.'s Reply 10. This amount includes $56,461.95 for fees and costs from the case on the merits and the first appeal that is herein awarded pursuant to the mandate of the Second Circuit. Affirmation Supp. Third Mot. Att'y's Fees Costs ("Bergstein Affirmation") 5, ECF No. 65; *see Coe*, 714 F.Supp.2d at 451, *aff'g in part, vacating in part Coe*, 429 Fed.Appx. at 59. For the second appeal, Coe seeks an additional $42,591.50 for work completed by Bergstein & Ullrich, LLP, *see* Bergstein Affirmation 5, and $27,184.50 for work completed by Scott A. Korenbaum, Esq. ("Korenbaum"), *id.* at 9. Additionally, Coe seeks approximately $7,222.50 for work related to the present motion (including the fees and costs in preparing Coe's reply brief and supporting affidavits). Pl.'s Reply 10.

### A. First Appeal

Pursuant to the mandate of the Second Circuit dated July 20, 2011, this Court awards Coe the full amount of attorneys'

fees and costs related to the first appeal. *See Coe v. Town of Blooming Grove*, 429 Fed.Appx. 55. After review of the exhibits submitted by Coe's attorneys, this Court awards $28,437.50 in fees and $739.95 in costs to Coe related to the first appeal. This amount represents the $14,418.75 originally awarded plus the additional $14,418.75 as directed by the Second Circuit. *Id.* at 59; Bergstein Affirmation 4.

### B. Second Appeal

Coe also seeks to recover fees incurred during the second appeal. Pl.'s Mem. 11. Coe argues that "since plaintiff did not prevail on the overall 50 percent reduction ... counsel proposes a 15 percent reduction in the overall attorney's fees entitlement for the work expended on the cross-appeal in challenging this Court's attorneys' fees ruling." *Id.* at 12. Coe's attorney, Stephen Bergstein ("Bergstein"), claims that he expended 125.88 hours on the second appeal, which included brief writing and oral argument. Bergstein Affirmation ¶ 11. Bergstein claims his time was spent further developing and strengthening the arguments from the first appeal and clarifying and refining Coe's position on the public forum issue. *Id.* ¶ 13. Bergstein's total fee request for the second appeal, after the proposed fifteen percent reduction, is $42,014.00. *Id.*

¶ 22(a). Furthermore, Coe seeks attorneys' fees for Korenbaum, who was engaged by Bergstein for assistance. *Id.* ¶ 19. The Town and Village argue that Coe's third motion should be denied or substantially denied because the work performed for the second appeal was duplicative of the work performed for the first appeal. Defs.' Opp'n 2. The Town and Village further argue that Coe achieved only limited success on appeal. *Id.*

■ A fee award is traditionally calculated using the "lodestar" amount, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[2] *Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir.2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). The party seeking the award bears the burden of providing evidence to support the number of hours worked and claimed rates. *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933. Attorneys for the prevailing party should exclude "excessive, redundant, or otherwise unnecessary" hours. *Id.* at 434, 103 S.Ct. 1933. "The product of reasonable hours times a reasonable rate does not end the inquiry." *Id.* In determining a reasonable hourly rate, the district court should consider, among others, the *Johnson* factors.[3] *See Green v. City of New York*, 403 Fed.Appx. 626, 629 (2d Cir.2010).

**2.** In 2008, the Second Circuit abandoned use of the lodestar term due to confusion in its application, but maintained its same methodology. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir.2008) (stating that "[t]he meaning of the term 'lodestar' has shifted over time, and its value as a metaphor has deteriorated to the point of unhelpfulness").

**3.** The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92–93, 96, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989).

■ The present action presents the unique circumstance where attorneys' fees for reasonable hours at a reasonable rate have already been awarded. *See Coe,* 429 Fed.Appx. 55. Coe must bear the burden of proving to this Court that the hours expended on the second appeal were reasonable given that the second appeal was essentially a "do over" of the first appeal. Having reviewed Bergstein's records, this Court has serious concerns over the hours performed for the second appeal. For the first appeal, Bergstein spent approximately 81 hours preparing the case. Bergstein Affirmation, Ex. 2, Fee Log Supp. Fee Application July 2008 ("Fee Log First Appeal"), ECF 65–2. During this time, Bergstein fully briefed and argued Coe's position on the merits. *Id.*

After the first appeal was dismissed for lack of a final judgment, the parties entered into an agreement to gain appellate jurisdiction, and undertook the second appeal. Defs.' Opp'n 1 n.1. The second appeal, with one exception, contained the same facts and issues as the first appeal, which had been fully briefed and argued, yet Bergstein spent an additional 125.88 hours working on the second appeal. Bergstein Affirmation, Ex. 3, Hourly rates Bergstein Ulrich, Esq.'s. Appeal 2010–11 ("Fee Log Second Appeal"), ECF No. 65– 3. Furthermore, Bergstein engaged Korenbaum who spent an additional 54 hours on the second appeal. Reply Decl. Scott A. Korenbaum Supp. Pl.'s Mot. Att'y's Fees Discretionary Costs 42 U.S.C. § 1988 Fed. R. Civ. Proc. 54(d) ("Korenbaum Decl."), Ex. E, [Time & Expense Entries of Korenbaum], ECF No. 63. In total, Coe's counsel spent approximately 100 hours more on the second appeal than they did on the first, despite having already completed the majority of the work during the first appeal. The only difference between the first and second appeal was Coe's argument opposing this Court's fifty-percent reduction on the attorneys' fees award for the trial and first appeal.

This Court rules that the attorneys' fees sought by Coe for the second appeal relating to the same facts and issues presented in the first appeal are unreasonably redundant and unnecessary. *See Grant v. Martinez,* 973 F.2d 96, 99 (2d Cir.1992) (considering "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures"). This Court is persuaded that attorneys' fees and costs relating to this Court's previous attorneys' fees decision are not duplicative of the first appeal, and therefore shall be awarded. Moreover, the Town and Village brought the first appeal and Coe's counsel argued the case despite the lack of appellate jurisdiction. *Coe,* 328 Fed.Appx. 743. Accordingly, this Court shall award Coe attorneys' fees and costs relating to the oral argument for the second appeal.

■ Due to Coe's unsuccessful second appeal at the Second Circuit, the amount of time that this Court finds reasonable for attorneys' fees will be reduced by fifty percent. *See Farrar v. Hobby,* 506 U.S. 103, 115, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (holding that "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained"); *Carroll v. Blinken,* 105 F.3d 79, 81 (2d Cir.1997) (holding that "the quantity of relief obtained," as compared to what the plaintiff sought to achieve, are key elements in determining the degree of success). A fifty-percent reduction is reasonable because in appealing this Court's decision, Coe was only successful on challenging the fifty-percent reduction relating to the reduction of fees on the first appeal. *Coe,* 429 Fed.Appx. 55. The Second Circuit affirmed this Court's fifty-percent reduction of fees relating to the trial. *Id.* at 59.

■ Finally, this Court maintains its rate determination from this Court's prior ruling. *Coe*, 714 F.Supp.2d at 450. A reasonable rate for attorneys Bergstein and Helen G. Ullrich ("Ullrich") is $350 per hour and a reasonable rate for paralegal work is $50 per hour. *Id.*

### 1. Bergstein

This Court first looks to the work performed by Bergstein whose time includes researching, writing, reviewing, and editing his brief for the second appeal. Fee Log Second Appeal. This work is redundant of the work for the first appeal, for which Attorney Bergstein was compensated. In the first appeal, the majority of Bergstein's time was spent on the public forum issue, reading, writing, editing his briefs, and preparing for and conducting the oral argument. Fee Log First Appeal. Similarly, for the second appeal, Bergstein performed significant work on the public forum issue, brief work, and the oral argument. Fee Log Second Appeal. With the exception of the work related to the attorneys' fees, this Court finds no material difference between the work performed on the first appeal and the work performed on the second appeal. Accordingly, this Court rules that no portion of the time spent by Bergstein relating to the issues presented on the first appeal is to be awarded.

A district court typically has wide discretion in choosing whether to deny attorneys' fees, however the Second Circuit has indicated that "this discretion is narrowed by a presumption that successful civil rights litigants should ordinarily recover attorneys' fees unless special circumstances would render an award unjust." *Raishevich v. Foster*, 247 F.3d 337, 344 (2d Cir.2001) (citing *Kerr v. Quinn*, 692 F.2d

875, 877 (2d Cir.1982)). This Court believes that in this unique case—where attorneys' fees have already been awarded for the work on first appeal—awarding attorneys' fees for the same work would be unjust.

The time spent preparing the argument pertaining to attorneys' fees, including this Court's previous judgment is reasonable, however, as is the time spent preparing for and making the oral agreement. Bergstein spent 35.58 hours working on the attorneys' fees aspect of Coe's case [4] and 21 hours preparing for and conducting the oral argument.[5] Reduced by fifty percent, at a rate of $350 per hour, Coe is awarded $9,901.50 in attorneys' fees for Bergstein services.

### 2. Korenbaum

■ Coe seeks to recover attorneys' fees for the work performed by Korenbaum. Pl.'s Mem. 12–13. In his declaration, Korenbaum describes the work he performed on the second appeal to include: reviewing the district court's opinions, conducting legal research, reviewing briefs, conversations with Bergstein, assisting Bergstein with his briefs, preparing Bergstein for oral argument, and expenses related to his fee application. Korenbaum Decl. 11. Korenbaum's work is redundant not only of the work completed for the first appeal, but also of the work completed by Bergstein.

Coe argues that Korenbaum was brought in to strengthen the First Amendment argument which, while not specifically deciding, the Second Circuit did not reverse. *Coe*, 429 Fed.Appx. at 58 ("Because we conclude that Coe's access to the Lawn as a limited public forum was unconstitutionally restricted on the basis of her viewpoint, we express no

---

4. As reflected in time entries for June 6–9, 2010, November 5–8, 2010 and April 5–11, 2011. *See* Fee Log Second Appeal.

5. As reflected in time entries for May 30–31 and June 2, 8–9, 15–16, 2011. *Id.*

view on the District Court's conclusion that the Lawn is a traditional public forum."). "The relevant issue, however, is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Parrish v. Sollecito,* 280 F.Supp.2d 145, 173 (S.D.N.Y.2003) (quoting *Grant v. Martinez,* 973 F.2d 96, 99 (2d Cir.1992)). This Court does not believe that a reasonable attorney would have engaged a second lawyer to assist on an appeal which had been previously prepared and argued. Therefore, the research, writing, review and editing completed by Korenbaum was completed during the first appeal and is redundant of the work completed by Bergstein. Accordingly, this Court rules that no fees for Korenbaum may be recovered.

### C. Current Motion

Further, the Court rules that fees and costs spent to prepare the current motion, including a reply brief, will also be reduced by fifty-percent. Coe has been only half successful on her motion and, thus, is awarded the fees and costs for the second appeal with a fifty-percent reduction. After reducing the total hours by fifty-percent, this Court awards $1,811.25 for Bergstein, and 2,250.00 for Korenbaum.[6]

### D. Other

Finally, this Court rules that all of the time spent by Ullrich, 0.5 hours, and the law firm's paralegal staff, 8.05 hours, was reasonable. *Coe,* 429 Fed.Appx. at 58. As previously stated, a rate of $350 per hour for Ullrich is reasonable, as is a rate of $50 per hour for paralegal work. After reducing the total hours by fifty-percent, this Court awards $87.50 for Ullrich's fees, and $201.25 for paralegal fees.

The chart below summarizes the fees due to Coe's counsel and paralegals incorporating the reasonable fee reductions of total hours determined by the Court.

**Fees for the Second Appeal**

| Attorney | Hours Claimed | Gross Hours Awarded | Percent Reduction | Net Hours Awarded | Rate | Total |
|---|---|---|---|---|---|---|
| Bergstein | 125.88 | 56.58 | 50% | 28.29 | $350.00 | $ 9,901.50 |
| Ullrich | 0.50 | 0.50 | 50% | 0.25 | $350.00 | $ 87.50 |
| Paralegals | 8.05 | 8.05 | 50% | 4.025 | $ 50.00 | $ 201.25 |
| Korenbaum | 54 | 0.00 | 0% | 0.00 | | - |
| | | | | | TOTAL FEES SECOND APPEAL | $10,190.25 |
| | | | | | TOTAL FEES FIRST APPEAL | $28,437.50 |

---

6. The Court takes judicial notice of *Barbour v. City of White Plains,* 788 F.Supp.2d 216 (S.D.N.Y.2011), where the court approved Korenbaum's rate of $450 per hour because this rate was "reasonable and within the range of fees paid to civil rights attorneys of similar skill and experience in the Southern District of New York." *Id.* at 225–26. *See* *Farbotko v. Clinton County of New York,* 433 F.3d 204, 209 (2d Cir.2005) (stating that calculating a reasonable hourly rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel" which may include "judicial notice of the rates awarded in prior cases").

| | |
|---|---:|
| TOTAL FEES CURRENT MOTION | $ 4,061.25 |
| TOTAL FEES | $42,689.00 |

## III. CONCLUSION

For the foregoing reasons, Coe's third motion for attorneys' fees, ECF No. 61, is ALLOWED in part and DENIED in part. Coe is hereby awarded $28,437.50 for the first appeal (plus costs of 739.95), $10,190.25 for the second appeal, and $4,061.25 for the current motion for a total of $43,428.95.

**SO ORDERED.**